1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ENGLISH,

              Petitioner,                  No. 2:11-cv-0010 EFB P

    vs.

RICHARD B. IVES,

              Respondent.           <u>ORDER</u>

_____/

       Petitioner is a federal prisoner without counsel proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This case is before the undersigned pursuant to the parties' consent.  *See* 28 U.S.C. §  636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).  Petitioner challenges the Warden's refusal to grant his request for a transfer to a Residential Reentry Center or Community Correctional Center (hereinafter RRC or CCC) to serve the remainder of his sentence.  In opposing the granting of relief, respondent contends that petitioner has failed to exhaust his administrative remedies, that this court lacks subject matter jurisdiction over this action, and that petitioner's claims are moot because he has already received an individualized RRC placement determination.  For the following reasons, petitioner's application for habeas corpus relief must be denied.

////

**I. Factual Background**

On August 24, 2007, petitioner was sentenced to 97 months in federal prison following his conviction for distribution of cocaine within 1,000 feet of a protected location.  Dckt. No. 13-1 at 3, 4.  Petitioner's eligibility date for home detention is December 11, 2013, and his projected release date is June 11, 2014.  *Id.*  Petitioner is currently serving his sentence at the Federal Correctional Institution in Herlong, California.  Dckt. No. 13 at 2.

On July 1, 2010, petitioner filed an "inmate request to staff" in which he asked to be placed in a Residential Reentry Center for the remainder of his sentence.  Dckt. No. 13-1 at 6.  Petitioner's Federal Bureau of Prisons (BOP) Unit Team denied that request on July 23, 2010, after taking into consideration the following five factors: (1) the resources of the facility contemplated; (2) the nature and circumstance of the offense; (3) the history and characteristics of the prisoner; (4) any statement of the court that imposed the sentence; and (5) any pertinent policy statement issued by the U.S. Sentencing Commission.  *Id.*  After considering these factors, the BOP Unit Team determined that petitioner did not meet the criteria for immediate RRC placement.  *Id.*  Petitioner was advised of the Unit Team's decision in a written response that explained the five factors considered and the circumstances specific to petitioner that supported the unfavorable decision.  *Id.*  Petitioner states that he subsequently filed another request with the Unit Team for placement in an RRC or CCC but was told that he was not eligible to be transferred until "his last 10% (ten percent) of his sentence."  Dckt. No. 1 (Pet.) at 3.

On August 26, 2010, petitioner filed a form entitled "Request for Administrative Remedy," in which he again requested that he be placed in "a RRC/CCC for the remainder of my time."  Dckt. No. 13-1 at 7.  In evaluating this request, the BOP noted that the Unit Team had conducted an analysis of the five factors set forth above and had determined that petitioner did not meet the criteria for placement in an RRC or CCC.  *Id.* at 8.  On October 21, 2010, petitioner's Request for Administrative Remedy was denied in a form signed by the Warden.  *Id.*
////

2

1    Petitioner was advised that if he was dissatisfied with the Warden's response, he could submit a

2    Regional Appeal to the Regional Director of the Federal Bureau of Prisons. *Id.* There is no

3    evidence in the file that petitioner filed a regional appeal.

4          Petitioner filed the instant federal petition for a writ of habeas corpus on January 3, 2011.

5    Respondent filed an answer on March 25, 2011, and petitioner filed a traverse on April 25, 2011.

6    **II.  Applicable Standards of Review**

7          Relief by way of a writ of habeas corpus extends to a prisoner in custody under the

8    authority of the United States who shows that his custody violates the Constitution, laws, or

9    treaties of the United States.  28 U.S.C. § 2241(c)(3).  A federal prisoner who challenges the

10   validity or constitutionality of his conviction must file a petition for writ of habeas corpus

11   pursuant to 28 U.S.C. § 2255.  A federal prisoner challenging the manner, location, or conditions

12   of the execution of a sentence, as petitioner does here, must bring a petition for writ of habeas

13   corpus under 28 U.S.C. § 2241.  *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

14   The court's habeas jurisdiction extends to claims challenging the BOP's denial of RRC

15   placement.  *See Rodriguez v. Smith*, 541 F.3d 1180, 1189 (9th Cir. 2008) (affirming district

16   court's grant of habeas relief where petitioner brought habeas corpus petition to compel BOP to

17   immediately consider transferring him to an RRC pursuant to the factors set forth in 18 U.S.C.

18   Section 3621(b)).

19   **III.  Exhaustion**

20         Respondent argues that the pending petition should be dismissed due to petitioner's

21   failure to exhaust his administrative remedies.  Dckt. No. 13 at 4-6.  Respondent notes that

22   although petitioner states he asked the warden for a transfer to a CCC, the petition is silent as to

23   whether petitioner exhausted all available administrative remedies.  *Id.* at 4.  In the traverse,

24   petitioner argues that "since the Warden speaks in the capacity of the BOP . . . the Petitioner has

25   exhausted his administrative remedies for the warden stands in stead of the BOP and Petitioner

26   need not go any further for he will receive the same answer . . . ."  Dckt. No. 15 (Traverse) at 3.

3

1    In essence, petitioner appears to be arguing that exhaustion of administrative remedies would be

2    futile in this case because the Warden would almost certainly deny any further request for a

3    transfer to a CCC.

4          The duty to exhaust administrative remedies in the context of a § 2241 petition for a writ

5    of habeas corpus is a judicially-created duty.  *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990),

6    *overruled on other grounds* by *Reno v. Koray*, 515 U.S. 50, 54-55 (1995); *Ruviwat v. Smith*, 701

7    F.2d 844, 845 (9th Cir. 1983).  Although not specifically required by statute, "as a prudential

8    matter" federal prisoners must exhaust available judicial and administrative remedies prior to the

9    filing of a petition seeking relief pursuant to § 2241.  *Ward v. Chavez*, 678 F.3d 1042, *2 (9th

10   Cir. 2012). "Because exhaustion is not required by statute, it is not jurisdictional."  *Brown*, 895

11   F.2d at 535.  Therefore, if a petitioner has not properly exhausted his claims, the district court, in

12   its discretion, may either "excuse the faulty exhaustion and reach the merits or require the

13   petitioner to exhaust his administrative remedies before proceeding in court."  *Id.*

14         The court's interest in  maximizing judicial resources weighs in favor of deciding this

15   case now rather than delaying its resolution.  *See Bozeman v. Ives*, No. 2:10-cv-1883-MCE TJB

16   (E.D. Cal. June 14, 2011).  In addition, it appears that further attempts by petitioner to exhaust

17   his administrative remedies would be futile, based on the responses he has received thus far to all

18   of his requests for placement in an RRC.  Accordingly, the court excuses petitioner's failure to

19   exhaust his administrative remedies prior to filing his § 2241 petition as further requests by the

20   petitioner would be futile.

21   **IV.  Petitioner's Claims**

22         Petitioner claims that the respondent is violating his rights under 18 U.S.C. § 3621(b), the

23   "Second Chance Act," and his federal right to due process by refusing to transfer him to a CCC

24   or RRC for the remainder of his sentence.  Pet. at 1, 5-6; Traverse at 2.  He asserts that he "has

25   served a reasonable amount of time away from home and family in the BOP Correctional

26   Facilities," and that placement in a community center and the services provided there, such as

4

"one on one sessions with a psychiatrist," is critical for his successful re-entry into society.  Pet. at 2-5.  Petitioner states that "he must have help with these issues to be productive" and that he "needs this extra time to get his priorities in order with his personal issues as far as the anger and the drug problem that cannot be met here at this facility."  *Id.* at 4.

Petitioner also claims that "the doctrine of constitutional avoidance cautions against not fully applying 18 USC 3621(b) to petitioner."  *Id.* at 5.  He argues that Congress should allow "inmates such as petitioner to be placed in CCC/RRC for the remainder of their time, especially for those who need to establish community ties with the community and to seek the help from the community in getting themselves together . . . ."  *Id.*  He argues that he "fits the description and criteria that Congress and the BOP has intended this policy for."  *Id.*  In support of these arguments, petitioner cites various United States Supreme Court cases for the proposition that "the Constitutional Avoidance Doctrine is a well-settled rule to assist in the construction of statutory language."  *Id.  See*, *e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ( "[I]t is a cardinal principle" of statutory interpretation, however, that when an Act of Congress raises "a serious doubt" as to its constitutionality, "this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided"); *Jones v. United States*, 526 U.S. 227, 239 (1999) ("where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter"); *Clark v. Martinez*, 543 U.S. 371, 382 (2005) (same).  Petitioner states that "when a litigant invokes the canon of avoidance, he is not attempting to vindicate constitutional rights of others, he seeks to only vindicate his own statutory rights."  Pet. at 6.

Finally, petitioner claims that "because this case involves administrative agencies construction of a statute that it administers, the *Chevron* governs the interpretation."  *Id.* at 7.  Petitioner argues that "the BOP regulations do not meet the first prong of the *Chevron* test."  *Id.* at 7.  He asserts that "the court is faced with a statute providing that the BOP must consider several factors in CCC placement, and regulation providing that the agency may not consider

5

those factors in full by referring to the Second Chance Act brings conflict between the two statutes." *Id.  See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984) (in reviewing an agency's interpretation of a statute it administers, a court must "always" first determine "whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter[.];" *United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001) (holding that "administrative implementation of a particular statutory provision qualifies for *Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority").[1]

Broadly construing petitioner's claims, he appears to be arguing that: (1) the BOP's decision that he was ineligible for immediate transfer to an RRC was arbitrary, capricious, and an abuse of discretion; (2) the BOP did not properly apply the relevant criteria under 18 U.S.C. § 3621(b) to his request to be transferred to an RRC; and (3) the BOP's policies with respect to RRC placement are inconsistent with and violate the Second Chance Act of 2007.  Petitioner may also be challenging the BOP's policy regarding transfers of prisoners to RRCs prior to the final twelve months of a prisoner's sentence.  In essence, however, petitioner is challenging the BOP's individualized decision that he is not eligible for RRC placement.

**A.  Statutory Background**

In *Sacora v. Thomas*, 628 F.3d 1059 (9th Cir. 2010), *cert. denied,* 132 S.Ct. 152 (U.S. Oct. 3, 2011), the Court of Appeals for the Ninth Circuit set forth the statutory background applicable to petitioner's claims.  The court explained that "two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." *Id.* at 1061-62.  Section 3621 grants the BOP broad discretionary authority to designate a

---

[1]  On April 9, 2008, the Second Chance Act was signed into law, authorizing the BOP to consider placing inmates into a CCC for a maximum of 12 months of an inmate's final months of his sentence.  *See* 18 U.S.C. § 3624(c)(1).

1  prisoner's placement in general while he or she is in the custody of the BOP, and also governs

2  the BOP's authority in cases where a prisoner who has more than a year left on his prison

3  sentence requests a transfer to an RRC.  *Id.*  In both cases, the BOP must consider the following

4  five statutory factors when making placement designations:

5        (1) the resources of the facility contemplated;

6        (2) the nature and circumstances of the offense;

7        (3) the history and characteristics of the prisoner;

8        (4) any statement by the court that imposed the sentence-
         (A) concerning the purpose for which the sentence to
9           imprisonment was determined to be warranted; or

10           (B) recommending a type of penal or correctional facility
         as appropriate; and
11

12        (5) any pertinent policy statement issued by the Sentencing
      Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C.
13        § 3621(b).

14  18 U.S.C. § 3621(b).  *See also Sacora*, 628 F.3d at 1062; *Rodriguez*, 541 F.3d at 1186.

15        Pursuant to 18 U.S.C. § 3624(c), the BOP is charged with "preparing prisoners for

16  reentry to the community during the final months of their terms of imprisonment."  *Sacora*, 628

17  F.3d at 1062.  Section 3624(c) was amended on April 9, 2008 by the Second Chance Act of

18  2007, to increase an inmate's RRC eligibility from six months to twelve months.  In pertinent

19  part, § 3624(c) now provides:

20        (1) In general. – The Director of the Bureau of Prisons shall, to the
      extent practicable, ensure that a prisoner serving a term of
21        imprisonment spends a portion of the final months of that term (not
      to exceed 12 months), under conditions that will afford that
22        prisoner a reasonable opportunity to adjust to and prepare for the
      reentry of that prisoner into the community.  Such conditions may
23        include a community correctional facility.

24  **B.  Due Process**

25        The court first addresses petitioner's claim that the BOP's refusal to transfer him to an

26  RRC violated his right to due process because the decision was arbitrary and capricious.

7

1   Petitioner cannot prevail on a due process claim under the federal Constitution because inmates

2   do not have a protected liberty interest in placement in an RRC or CCC.  *See Moody v. Daggett*,

3   429 U.S. 78, 88 n.9 (1976) (discretionary determinations regarding conditions of confinement do

4   not create due process rights).  To the extent petitioner is arguing that the BOP's denial of RRC

5   placement is arbitrary and capricious under 5 U.S.C. § 706(a)(A) of the Administrative

6   Procedure Act, this court lacks jurisdiction over his claim.

7          The Administrative Procedure Act (APA) provides a cause of action for persons suffering

8   a legal wrong because of adverse agency action.  5 U.S.C. §§ 702, 706(2)(A); *Reeb*, 636 F.3d at

9   1226.  Agency actions can be held unlawful when those actions are arbitrary, capricious, or an

10  abuse of discretion.  *Reeb*, 636 F.3d at 1226.  However, the APA also withdraws that cause of

11  action to the extent the relevant statute precludes judicial review or the agency action is

12  committed to the agency's discretion by law.  *Id.*

13         In *Reeb*, the Ninth Circuit considered the BOP's individualized decision denying an

14  inmate's request to be placed in a residential drug abuse program (RDAP).  The petitioner in

15  *Reeb* contended the BOP lacked a rational basis for expelling him from RDAP under

16  § 706(2)(A) of the APA.  636 F.3d at 1227–28.  The court concluded that it lacked jurisdiction to

17  hear the claim, holding that "18 U.S.C. § 3625 precludes judicial review under the

18  Administrative Procedure Act ("APA") of the BOP's individualized RDAP determinations made

19  pursuant to 18 U.S.C. § 3621."[2]  *Id.* at 1225.  The court explained:

20              There is no ambiguity in the meaning of 18 U.S.C. § 3625.  The
                plain language of this statute specifies that the judicial review
21              provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any
                determination, decision, or order" made pursuant to 18 U.S.C. §§
22              3621–3625.  The BOP has authority to manage inmate drug
                treatment programs, including RDAP, by virtue of 18 U.S.C. §
23              3621.  To find that prisoners can bring habeas petitions under 28
                U.S.C. § 2241 to challenge the BOP's discretionary determinations
24

25          [2]  18 U.S.C. § 3625 provides that "the provisions of sections 554 and 555 and 701
    through 706 of title 5, United States Code, do not apply to the making of any determination,
26  decision, or order under this subchapter.

                                                  8

made pursuant to 18 U.S.C. § 3621 would be inconsistent with the
language of 18 U.S.C. § 3625.  Accordingly, any substantive
decision by the BOP to admit a particular prisoner into RDAP, or
to grant or deny a sentence reduction for completion of the
program, is not reviewable by the district court.  The BOP's
substantive decisions to remove particular inmates from the RDAP
program are likewise not subject to judicial review.

* * *

Accordingly, we hold that federal courts lack jurisdiction to review
the BOP's individualized RDAP determinations made pursuant to
18 U.S.C. § 3621, such as Reeb's claim herein. Although judicial
review remains available for allegations that BOP action is
contrary to established federal law, violates the United States
Constitution, or exceeds its statutory authority, Reeb's habeas
petition alleges only that the BOP erred in his particular case.
Because the district court lacked jurisdiction to adjudicate the
merits of Reeb's habeas petition, we vacate its judgment and
remand with instructions to dismiss for lack of jurisdiction.

*Id.* at 1227, 1228-29.[3]

Like the RDAP program at issue in *Reeb*, the BOP in this case has the sole authority to

make RRC placement determinations under § 3621(b).  And, like the RDAP determination in

*Reeb*, the BOP's decision to deny petitioner's request for a transfer to an RRC in this case is a

substantive, discretionary determination by the BOP.  Further, like *Reeb*, petitioner alleges that

the BOP "erred in his particular case."  636 F.3d at 1228.  Subsequent to the *Reeb* decision,

courts have uniformly and persuasively found that habeas review of RRC placement decisions by

the BOP is not permitted.  *See, e.g., Adams v. Thomas*, No. 3L11-CV-1564-MA, 2012 WL

1205104 (D.Or. Apr. 11, 2012) (§ 3625 precludes judicial review of RRC placement under

§ 3621(b), citing *Reeb*); *Geiger v. Adler*, No. 1:10-cv-00715-AWI-JLT HC, 2011 WL 5417093

(E.D. Cal. Nov. 8, 2011) (same); *Binford v. Thomas*, No. CV 10-945-MA, 2011 WL 1791198

(D.Or. May 10, 2011) (same); *Espinosa v. Rios*, No. 1:10-cv-01781 MJS HC, 2011 WL 4084365

[3]  Petitioner here has failed to demonstrate that the BOP's decision is contrary to
established federal law, violates the United States Constitution, or exceeds its statutory authority.
In this regard, petitioner has no general constitutional right to custody at a particular location.
*Meachum v. Fano*, 427 U.S. 215, 223-25 (1976).

(E.D. Cal. Sept.13, 2011) (same); *Han v. Benov*, No. 1:10-cv-01276 AWI MJS HC, 2011 WL 4084185 (E.D. Cal. Sept.13, 2011) (same); *Ingram v. Thomas*, No. CV 10-1320-MA, 2011 WL 1791234 (D.Or. May 10, 2011); *Spears v. Rios*, No. 1:09-cv-01253 MJS HC, 2011 WL 4055247 (E.D. Cal. Sept.12, 2011) (same); *Gary v. Rios*, No. 1:10-cv-00318 MJS HC, 2011 WL 4055292 (E.D. Cal. Sept.12, 2011) (same); *Brown v. Sanders*, No. CV 11-4066-JST (AGR), 2011 WL 4899919 (C.D. Cal. Sept.1, 2011) (same); *Cheung v. Tews*, No. C 10–1202 JW (PR), 2011 WL 4529672 (N.D. Cal. Sept.29, 2011) (same); *Pua v. Tews*, No. C 10-01315 EJD (PR), 2011 WL 4529735 (N.D. Cal. Sept.29, 2011) (same); *Tekle v. Washington–Adduci*, No. CV 11-2044 R(JCG), 2011 WL 4802433 (C.D. Cal. Aug.24, 2011) (same).  Accordingly, pursuant to the decision in *Reeb*, the BOP's substantive, discretionary decision that petitioner was not eligible for placement in an RRC or CCC is not reviewable in this court pursuant to § 706(2)(A) of the APA.  *Reeb*, 636 F.3d at 1227.

### C.  Second Chance Act

Petitioner may also be claiming that the Warden's denial of his request for an immediate transfer to an RRC or CCC is contrary to or inconsistent with the Second Chance Act of 2007 or the individualized factors set forth under 18 U.S.C. § 3621(b).  He may also be challenging the BOP's rules and policies with respect to placement in an RRC or CCC.  For the following reasons, any such claims also fail.

In *Sacora*, petitioners challenged the policies by which the BOP places inmates in RRCs. The Ninth Circuit specifically analyzed the current BOP policy with respect to inmates requesting a transfer to an RRC prior to their final twelve months of imprisonment.  The Court specifically found that the BOP's policy did not violate the Second Chance Act.  Specifically, the Ninth Circuit held that the BOP's policies, as expressed in two memoranda and subsequent program statements, reasonably implemented the changes in the Second Chance Act and that the BOP's policies were not arbitrary and capricious.  *Sacora*, 628 F.3d at 1066-70.  The court held that the statutes and regulations involving placement in CCCs were "facially consistent with the

statute," that "BOP's policies are reasonable and sufficiently persuasive," and that BOP's rules

"are not subject to the notice-and-comment requirements of § 553 and the APA." *Id.* at 1066,

1067, 1070.  The court explained:

> The . . . policy set forth in the November 14 Memorandum is
> consistent with § 3621(b) . . . Petitioners argue, however, that the
> policy as set forth in the November 14, Memorandum is contrary
> to our decision in *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir.
> 2008).  We disagree.
>
> In *Rodriguez*, we held that the prior version of the regulations
> codified at 28 C.F.R. §§ 570.20 and 570.21 was invalid, because it
> "categorically exclude[d] inmates from RRC eligibility without
> considering the mandatory factors articulated in § 3621(b)." 541
> F.3d at 1187.  No such problem exists here.  Although the
> November 14 Memorandum does set forth a presumption that RRC
> placements of longer than six months should occur only "when
> there are unusual or extraordinary circumstances justifying such
> placement[ ] and the Regional Director concurs," the
> Memorandum also admonishes BOP staff that they "cannot . . .
> automatically deny an inmate's request for transfer to a RRC"
> because "[i]nmates are legally eligible to be placed in an RRC at
> any time during their prison sentence[s]."  The memorandum also
> reminds the BOP staff that they "must individually consider the
> request, just as they would any other request for lower security
> transfer."  Further, the memorandum reminds the staff that when
> they review an inmate's transfer request, they should review the
> five factors set forth in 18 U.S.C. § 3621(b) that, we noted in
> *Rodriguez*, are "mandatory."  *Rodriguez*, 541 F.3d at 1187.
> Accordingly, we conclude that the BOP's policy as set forth in the
> November 14 Memorandum does not violate the SCA.

*Id.* at 1068.

For the reasons set forth in *Sacora*, the BOP's current policy with regard to placement in

an RRC does not violate the Second Chance Act.  Accordingly, petitioner is not entitled to relief

on any such claim.[4]

////

---

[4]  The court also notes that petitioner's request for placement in an RRC was evaluated
pursuant to the five factors set forth in 18 U.S.C. § 3621(b).  Petitioner does not challenge the
BOP's conclusions as to any particular factor, nor does he allege that the BOP used improper
criteria in evaluating his request.  In any event, petitioner has failed to demonstrate that the BOP
was acting in a manner contrary to or outside the statutory authority of 18 U.S.C. §§ 3621(b) or
3624(c) when making its decision.

**D.  Mootness**

As set forth above, respondent asserts that the petition should be denied as moot because petitioner has already received all the relief he could be afforded if the instant petition was granted; to wit, a hearing addressing the individual consideration of his placement in an RRC. Answer at 8.  As described herein, this Court does not have authority to review such determinations.

Even assuming arguendo that the court had jurisdiction to hear petitioner's claims, relief should be denied.  While petitioner obviously disagrees with the BOP's determination that he did not meet the criteria for placement in an RRC, the BOP has sole discretion to place an inmate into "any available penal or correctional facility" and to "direct transfer of an inmate from one penal or correctional facility to another . . . at any time."  18 U.S.C. § 3621(b).  The only limit on the BOP's discretion is that it must undertake an individualized consideration of the inmate for placement in an RRC based on the five-factor criteria set forth in 18 U.S.C. § 3621(b).  As explained above, that individualized consideration was conducted in this case.  Petitioner is not entitled to any relief greater than that in this federal habeas action.  *See Binford v. Ives*, Civ. No. 10–945, 2011 WL 1791198, at *4 (D.Or. May 10, 2011) (denying habeas petition where "it was evident that the BOP provided the individualized consideration required under § 3621(b). The statute does not require more."); *Burnham v. Ives*, Civ. No. 08–2522, 2010 WL 2612609, at *8 (E.D. Cal. June 29, 2010) (holding that Petitioner's claim is moot where he received the only relief that could be properly ordered by the court, an individualized consideration of his transfer request in accordance with § 3621(b) and § 3624(c)) (citations omitted).  For this reason, petitioner's claims are moot and must be denied on that basis.

**V.  Conclusion**

Accordingly, for all of the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Petitioner's application for a writ of habeas corpus is denied;

////

12

1       2.  The court declines to issue a certificate of appealability; and

2       3.  The Clerk is directed to close the case.

3 DATED:  September 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

13